WILLIAM E. PETRICE, JR.

*v.*

FEDERAL KEMPER INSURANCE COMPANY

(No. 14136)

Decided November 20, 1979.

*George R. Triplett* for appellant.

*Steptoe & Johnson, Herbert G. Underwood* for appellee.

CAPLAN, CHIEF JUSTICE:

This is an appeal from a judgment of the Circuit Court of Randolph County wherein the trial court granted the defendant's motion to dismiss with prejudice. The court found that the plaintiff's failure to submit to the defendant insurance company a sworn statement of proof of loss, as provided in the insurance policy, was fatal to the plaintiff's case and granted the aforesaid motion. We disagree, finding that the plaintiff substantially complied with the above provision and that the insurance company's actions constituted a waiver thereof. The judgment is therefore reversed and the case is remanded.

The plaintiff, William E. Petrice, Jr., entered into a rental purchase agreement on July 9, 1973 for the purchase of a 1970 Peterbilt Tractor. He obtained a policy of automobile general liability insurance from the defendant insurance company which was in full effect when the vehicle was wrecked in a one-vehicle accident on April 24, 1975. On the day following the loss, the plaintiff orally notified an agent of the defendant insurance company of the loss and, on that day, filed with the agent a "written notice of claim". A period of time passed during which the insurance company obtained appraisals of the damage from two body shops. The plaintiff took the

truck to one of these shops for repairs, but it is not clear from the record why the vehicle was never repaired.

In August, 1975 the plaintiff filed a complaint with the West Virginia Insurance Commissioner, which action resulted in an unsuccessful arbitratin of the claim. The plaintiff retained two attorneys to pursue a settlement for him, both of whom he subsequently discharged. At one point the defendant insurance company tendered a settlement check to one of the attorneys representing the plaintiff but this check was never accepted by the plaintiff.

An action was filed against the defendant insurance company alleging that it failed to comply with the contractual provisions of the insurance policy. During the presentation of the plaintiff's case, the defendant moved to strike the evidence on the ground that the plaintiff had failed to prove a condition precedent to bringing the suit—the filing of a sworn proof of loss statement. The court, finding that the plaintiff had failed to file a sworn proof of loss statement as required by the policy and that the filing of such statement was a condition precedent to instituting an action, granted the motion dismissing the action.

The plaintiff appeals, contending that there has been substantial compliance with the requirements of the policy which obviates the need for the filing of a proof of loss statement and that by its actions after full knowledge of the accident the insurance company waived the requirement of a sworn proof of loss statement.

We believe that the principles outlined in *Wiley v. Travelers Indemnity Co.*, 156 W. Va. 398, 193 S.E. 2d 555 (1972) and *Maynard v. National Fire Insurance Co. of Hartford*, 147 W. Va. 539, 129 S.E. 2d 443 (1963) are controlling in this case. The purpose of a sworn proof of loss statement is to allow the insurer to adequately investigate the claim and to formulate an estimate of its liabilities. The above cited decisions note that the furnishing of a proof of claim when required as a condition in an insurance policy, is a condition precedent to recovery

under the policy. However, this condition may be waived by the insurer expressly or impliedly or, the insurer, by its conduct, may be estopped from asserting the failure to supply the sworn statement to effect a forfeiture. See 45 C.J.S., *Insurance*, § 672 and 44 Am. Jur. 2d, *Insurance*, § 1509. Furthermore, when the need for the proof of loss is obviated by the insurer's actions, the failure of the insured to furnish it may be excused. A substantial compliance with the provision requiring a sworn proof of loss, resulting in the insurer being able to adequately investigate the claim and estimate its liabilities, is all that is required.

Here, the need for the sworn statement is obviated by the actions of the insurer which amount to a waiver of the contractual provision requiring a sworn proof of loss. An agent of the defendant insurance company responded to the written notice of claim by acquiring appraisals of the damage from various body shops. The defendant company attempted to engage in arbitration. In this case, the most conclusive evidence of waiver is the tender of a settlement check by the insurance company to one of the petitioner's attorneys. By the latter action the defendant insurance company demonstrated that it had investigated the accident and had sufficient knowledge to offer a sum certain in settlement of all damages. Certainly, the defendant thereby expressed a complete willingness to ignore the provision requiring a sworn proof of loss statement. See *Crouch v. Franklin National Ins. Co.*, 104 W. Va. 605, 140 S.E. 681 (1927) and *Niagara Fire Ins. Co. of New York v. Raleigh Hardware Co.*, 62 F. 2d 705 (W. Va. 1933).

The proof of loss condition is to be liberally construed in favor of the insured. A substantial compliance therewith, resulting in the insurer being afforded an adequate opportunity to investigate the claim and formulate an estimate of its liabilities, is all that is required. *Maynard v. National Fire Insurance Co. of Hartford, supra; Liverpool & London and Globe Ins. Co. v. Dillon,* 16 F. 2d 774 (W. Va. 1927). See also *National Union Fire Ins. Co. v. Burkholder,* 116 Va. 942, 83 S.E. 404 (1914);

Appleman, *Insurance Law and Practice,* Vol. 5 § 3482; and 45 C.J.S., *Insurance* § 1012. There is no doubt that the defendant insurance company was afforded enough information to adequately investigate the claim and intelligently estimate its liabilities. The insurer has procured all information it would get from a technical compliance with the policy requirements. The insured's claim will not be barred by strict adherence to a contractual provision with which the insured has substantially complied.

For the reasons herein stated the judgment of the Circuit Court of Randolph County is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*