542 S.E.2d 869

**COLONIAL INSURANCE COMPANY,**
Plaintiff below, Appellee,

v.

**Floyd BARRETT and John Douglas Watkins, Defendants below, Appellants, John Douglas Watkins, Defendant below, Appellant.**

No. 27772.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 4, 2000.

Decided Dec. 6, 2000.

Robert P. Martin, Esq., Robert L. McKinney, II, Esq., Bastien & Martin, L.C., Charleston, West Virginia, Attorneys for Appellee.

Kenneth E. Chittum, Esq., Bluefield, West Virginia, Attorney for Appellant John Douglas Watkins.

STARCHER, Justice:

This appeal of a declaratory judgment from the Circuit Court of Mercer County concerns a requirement in a liability insurance policy that notice of a claim against a policyholder be given to the insurance company as soon as possible.

In the instant case, the insurance company received prompt notice of a claim from a person injured by a policyholder's negligence. However, the insurance company argued below that the *policyholder* had failed to give any notice of the claim to the insurance company, and the policy's notice requirements had not been met. The circuit court entered an order holding that because the *policyholder* had failed to give the insurance company notice of the claim, there was no coverage under the policy.

As set forth below, we conclude that the notice requirements of an insurance policy may be satisfied when notice of a claim is provided to the insurance company from any source, including a person injured by a policyholder's negligence. We therefore reverse the circuit court's declaratory judgment order.

## I.

### *Facts and Background*

On July 26, 1995, an automobile accident occurred between the appellant, John Douglas Watkins, and Floyd Barrett. As appellant Watkins was turning left across traffic, Mr. Barrett, driving in the opposite direction, collided with the right side of Mr. Watkins' car. A witness to the collision stated that Mr. Barrett had run a red light. A police officer subsequently arrested Mr. Barrett for driving while intoxicated.

The appellant sustained back and neck injuries as a result of the collision. A few days after the accident, the appellant personally contacted Mr. Barrett's automobile liability insurance company, appellee Colonial Insurance Company.[1] The appellant spoke by telephone with David Duvall, a claims representative for Colonial, and apparently discussed the nature of the collision and his injuries.

On August 1, 1995, Mr. Duvall mailed the appellant a letter stating that he had "carefully examined the circumstances surrounding this accident," and "[a]fter a careful evaluation of the facts" had determined that his insured, Mr. Barrett, was not responsible for the accident. Mr. Duvall further informed the appellant that Colonial was declining to make any payment on the claim. A second letter was sent by certified mail to the appellant on August 1, 1995, by Mr. Duvall, stating that Colonial was reserving its right to disclaim coverage for the July 26, 1995 accident.

Appellant Watkins then retained an attorney. The appellant's attorney wrote a letter to Mr. Duvall on August 15, 1995, stating that witnesses had seen Mr. Barrett run a red light and hit the appellant, and that Mr. Barrett's intoxication had contributed to the accident. Mr. Duvall responded to the attorney on September 12, 1995, stating that "[a]fter careful review of this file we have determined your client to be at fault for the accident." Mr. Duvall, acting on behalf of Colonial, again refused to make any payment on the appellant's claim.

On November 6, 1995, the appellant's attorney mailed to Mr. Duvall copies of statements taken from two witnesses to the accident, as well as a copy of the police report. The attorney asked Mr. Duvall to review the materials and reevaluate Colonial's position. Mr. Duvall responded on November 15, 1995, stating in a letter that:

> I have taken statements from the parties involved and I have concluded my investigation and have determined your client to be responsible for this loss as your client did not have the right of way. No further consideration will be taken in this matter.

---

1. The appellant learned from the written police report of the accident that Mr. Barrett was insured by Colonial.

Appellant Watkins filed a civil complaint for damages against Mr. Barrett on January 18, 1996. Attempts to serve Mr. Barrett with the complaint and summons were not successful until October 3, 1997, when Mr. Barrett was personally served. On that same day, October 3, 1997, appellant Watkins' attorney mailed a copy of the complaint and the return of summons to Mr. Duvall.

Mr. Barrett never answered the complaint. Furthermore, neither Mr. Duvall nor any other representative for Colonial answered or otherwise responded to the mailed copy of the complaint. Pertinent to the instant action, Colonial asserts that Mr. Barrett never forwarded a copy of the complaint to Colonial, and never advised Colonial of the existence of a claim or a lawsuit.

■ After receiving no response from Mr. Barrett and Colonial, almost 6 months later, on April 1, 1998, the appellant filed a Motion for Default Judgment, and mailed notices of the motion by certified mail to Barrett's two known addresses.[2] Both certified letters were returned unopened. By order dated April 17, 1998, the circuit court entered a judgment in favor of appellant Watkins on the issue of liability. A judgment order was later entered on August 13, 1998, awarding

the appellant damages in the amount of $15,214.50.

Subsequently, the attorney for appellant Watkins mailed a copy of the judgment order to Mr. Duvall, demanding payment of the judgment amount plus interests and costs, for a total of $20,636.00.

Upon receiving the appellant's demand for payment of the judgment, Colonial retained counsel and, on December 28, 1998, moved to set aside the default judgment on the ground of "excusable neglect." The circuit court denied the motion on March 25, 1999, finding that Colonial had made no showing of excusable neglect. The circuit court also found that the appellant had provided adequate notice of the default judgment motion and the hearing on damages. Neither Colonial nor Mr. Barrett appealed the circuit court's order.

■ On May 3, 1999, Colonial instituted the present declaratory judgment action against Mr. Barrett and appellant Watkins, asking the circuit court to determine whether it had a duty to "further defend or indemnify or provide coverage in any manner" to Mr. Barrett. Colonial also asked whether it had a duty to pay the demand by appellant Watkins. Colonial argued that Mr. Barrett had breached the insurance contract by failing to notify Colonial of the appellant's lawsuit.[3]

2. We note, however, that no notice of the motion for judgment by default was sent by the appellant to Colonial. We have previously indicated that when a defaulting party has "appeared in the action," the party moving for default must provide the defaulting party with notice of the default judgment motion, and thereby, an opportunity to respond to the moving party's evidence on damages. *See* Syllabus Point 4, *Hartwell v. Marquez*, 201 W.Va. 433, 498 S.E.2d 1 (1997).

The term "appeared in the action," for purposes of a default judgment under Rule 55(b)(2) of the *West Virginia Rules of Civil Procedure*, is quite different from an appearance for other purposes (like establishing personal jurisdiction). As we stated in *Farm Family Mutual Ins. Co. v. Thorn Lumber Co.*, 202 W.Va. 69, 75 n. 9, 501 S.E.2d 786, 792 n. 9 (1998):

An appearance for purposes of Rule 55(b)(2) may consist only of letters or conversations, while a general appearance sufficient to waive an objection to personal jurisdiction requires a greater showing of the defendant's acceptance of the court's jurisdiction. This liberal construction of the term allows for the resolution of litigation on its merits, not technical pleading rules.

In the instant case, it does not appear that Colonial was a "party" in the full sense of the word. However, counsel for the appellant and a representative for Colonial did make repeated contacts in the form of letters, such that Colonial may have been entitled to notice of the default judgment motion. Unfortunately, Colonial has never raised this argument, particularly before the circuit court in the underlying action. Colonial also did not appeal the circuit court's entry of a default judgment against its insured, Mr. Barrett.

3. The notice provision of the insurance policy sold by Colonial to Mr. Barrett states:

In the event of an accident or loss, notice must be given to us [Colonial] as soon as possible. In case of theft or vandalism, you [the insured] must also notify the police. If a claim or suit is made against any insured person, such person must immediately forward to us [Colonial] every demand, notice of claim, and any legal papers.

Colonial also contended that Mr. Barrett had breached the cooperation clause of the insurance policy, which states:

An insured person shall cooperate with us and assist us in any manner concerning a

After examining the record, on August 16, 1999 the circuit court entered an order granting a declaratory judgment in favor of appellee Colonial. The circuit court found that Mr. Barrett had never notified Colonial of the collision or the subsequent lawsuit filed by the appellant. Accordingly, the circuit court concluded that Mr. Barrett had failed to give notice of a claim to Colonial within a reasonable period of time. The circuit court therefore held that Colonial had no duty to indemnify, provide coverage, or to further defend Mr. Barrett for claims arising from the July 26, 1995 accident.

Appellant Watkins now appeals the circuit court's declaratory judgment order.

## II.

### Standard of Review

■■■ This Court reviews a circuit court's entry of a declaratory judgment *de novo,* since the principal purpose of a declaratory judgment action is to resolve legal questions. Syllabus Point 3, *Cox v. Amick,* 195 W.Va. 608, 466 S.E.2d 459 (1995). When a declaratory judgment proceeding involves the determination of an issue of fact, that issue may be tried and determined by a judge or a jury, just as issues of fact are tried and determined in other civil actions. *W.Va.Code,* 55–13–9 [1941]. Any determinations of fact made by the circuit court or jury in reaching its ultimate judgment are reviewed under a clearly erroneous standard. *Cox,* 195 W.Va. at 612, 466 S.E.2d at 463.

■■ In this case we are asked to review a circuit court's interpretation of an insurance contract. In *Payne v. Weston,* 195 W.Va. 502, 506–7, 466 S.E.2d 161, 165–66 (1995), we stated that the interpretation of an insurance contract "is a legal determination which, like the court's summary judgment, is reviewed de novo on appeal." The basis for our plenary review is that the determination of the

proper extent of the coverage of an insurance contract, when the facts are not in dispute, is a question of law. *Murray v. State Farm Fire & Cas. Co.,* 203 W.Va. 477, 482, 509 S.E.2d 1, 6 (1998).

## III.

### Discussion

The circuit court in this case ruled that Mr. Barrett breached his insurance contract with appellee Colonial by failing to notify Colonial of the existence of a claim against the insurance coverage.

On appeal of the circuit court's ruling, the parties dispute whether Colonial was prejudiced by Mr. Barrett's failure to notify Colonial about the accident and subsequent lawsuit. This Court has addressed various situations where a policyholder has *delayed* giving notice of a claim to an insurance company. We have repeatedly held that in order for the insurance company to avoid responsibility under an insurance policy, the insurance company must demonstrate that it was prejudiced by the policyholder's delayed notice. *See, e.g. Dairyland Ins. Co. v. Voshel,* 189 W.Va. 121, 428 S.E.2d 542 (1993) (delayed notice of claim against liability insurance coverage); *State Automobile Mut. Ins. Co. v. Youler,* 183 W.Va. 556, 396 S.E.2d 737 (1990) (delayed claim against uninsured motorist and underinsured motorist coverages).

In the instant case, Colonial argues that it was prejudiced not by delay, but rather by Mr. Barrett's complete and total failure to communicate with Colonial regarding the accident and the appellant's lawsuit. Appellant Watkins, however, argues that Colonial bears the burden of demonstrating prejudice, and that no evidence was introduced to show any prejudice whatsoever.

claim or suit. The insured person shall not voluntarily make any payment to others except for immediate medical treatment at the time of the accident.

However, before a court will enforce such a cooperation clause to deprive a policyholder of coverage, "[o]ur decisions place the insurer under a duty to take affirmative steps to secure the cooperation of a vanished policyholder." *Bowyer by Bowyer v. Thomas,* 188 W.Va. 297, 304,

423 S.E.2d 906, 913 (1992) (*quoting DiMarzo v. American Mut. Ins. Co.,* 389 Mass. 85, 100, 449 N.E.2d 1189, 1199 (1983)). In *Bowyer,* we determined that the insurance company bears the burden of proving that its policyholder failed to cooperate. In the instant case, we find no evidence or argument in the record suggesting that Colonial attempted to secure Mr. Barrett's cooperation.

Underlying these opposing arguments is a question, apparently of first impression in this jurisdiction, critical to the resolution of this case: can notice of a claim, made by a person other than the policyholder, satisfy the notice requirement of an insurance contract?

■ The satisfaction of the notice provision in an insurance policy is a condition precedent to coverage for the policyholder. *Maynard v. National Fire Ins. Co. of Hartford,* 147 W.Va. 539, 129 S.E.2d 443 (1963); *Adkins v. Globe Fire Ins. Co.,* 45 W.Va. 384, 32 S.E. 194 (1898). The provision gives the insurance company "an opportunity to investigate and marshall defenses at a time when events are fresh in the witnesses' recollections." *Berryhill v. State Farm Fire & Cas. Co.,* 174 Ga.App. 97, 99, 329 S.E.2d 189, 191 (1985). The provision also allows the insurance company "to acquire information upon which it can form an intelligent estimate of its liabilities[.]" *Willey v. Travelers Indemnity Co.,* 156 W.Va. 398, 402, 193 S.E.2d 555, 558 (1972).

■ However, we have also stated that the notice provision—also called a proof of loss provision—"is to be liberally construed in favor of the insured." *Petrice v. Federal Kemper Ins. Co.,* 163 W.Va. 737, 740, 260 S.E.2d 276, 278 (1979). The provision is not to be read as a series of technical hurdles. Rather, a "substantial compliance" with the notice provision of a policy, "resulting in the insurer being able to adequately investigate

the claim and estimate its liabilities, is all that is required." *Id.*

It is possible for an insurance company to learn of the existence of a claim or a lawsuit by or against a policyholder from a third-party source other than the policyholder seeking coverage. It is a widely accepted rule that "[i]n those states that require prejudice before coverage can be denied because of a breach of the notice provision, such third party notice will, as a general rule, be deemed to satisfy the insured's notice requirement." A. Windt, 1 *Insurance Claims & Disputes: Representation of Insurance Companies and Insureds 3d Edition* 21 (Shepard's/McGraw–Hill 1995).

Courts therefore usually conclude that the notice provision is satisfied—and the insurance company is afforded an ability to investigate a claim and estimate its liabilities—when notice is provided to the insurance company from *any* source, and regardless of whether it was the insured who provided the notice.[4]

■ We therefore hold that a provision in an insurance contract requiring a policyholder to give the insurance company notice of a claim may be satisfied when notice of a potential claim is provided to a claims representative for the insurance company regardless of whether it was the policyholder who provided the notice.

■ While notice of a claim from a third party can satisfy the notice requirement of a

---

**4.** For cases holding that the notice requirement is satisfied if the insurance company receives notice of a claim or lawsuit from a third party other than the policyholder seeking coverage, *see e.g., National Union Fire Ins. Co. v. Ins. Co. of North America,* 188 A.D.2d 259, 590 N.Y.S.2d 463 (1992) (notice given by university medical service organization satisfied notice requirement for doctor employed by university); *Mahone v. State Farm Mut. Auto. Ins. Co.,* 188 Ga.App. 664, 373 S.E.2d 809 (1988) (notice given to insurance company by owner of property damaged by person driving vehicle with consent of the insured); *Hansen v. Barmore,* 779 P.2d 1360 (Colo.Ct.App. 1989) (proper notice given when plaintiff mailed copy of served complaint to defendant's insurance company); *Cooley v. John M. Anderson Co.,* 443 A.2d 435 (R.I.1982) (notice given to insurance carrier by injured worker seeking workers' compensation insurance coverage was satisfactory notice that "other insureds" under policy were entitled to liability coverage under the same poli-

cy); *Leventhal v. American Bankers Ins. Co. of Florida,* 159 Ga.App. 104, 283 S.E.2d 3 (1980) ("notice need be given only once and inures to the benefit of all 'insureds' "); *McLaughlin v. Attorneys' Title Guar. Fund, Inc.,* 61 Ill.App.3d 911, 18 Ill.Dec. 891, 378 N.E.2d 355 (1978) (insurance agent, who was executor of estate, knew of tax lien against real property; failure of property owner to give formal notice of tax lien to title insurance company excused because agent of insurer had actual knowledge of lien); *Bibb v. Dairyland Ins. Co.,* 44 Mich.App. 440, 205 N.W.2d 495 (1973) (insurance company, which had unsuccessfully negotiated over claim with plaintiff prior to suit, not prejudiced by lack of knowledge of subsequent lawsuit); *Great American Ins. Co. v. C.G. Tate Construction Co.,* 46 N.C.App. 427, 265 S.E.2d 467 (1980); (notice given to defendant's insurer by injured plaintiff's attorney); *Lusch v. Aetna Cas. & Sur. Co.,* 272 Or. 593, 538 P.2d 902 (1975) (notice given by injured parties' insurance company).

policy, several common-sense guidelines must be followed before the third-party notice will be considered effective. *See* A. Windt, 1 *Insurance Claims & Disputes,* at 22–25. First, the purported notice must be given to an individual—such as an adjuster or insurance agent—who is acting on behalf of the particular insurance company. Second, the information given by the third party must be sufficient to put the insurance company on notice that the injured party might make a claim. And last, courts are in general agreement that the notice—from whatever source—must be given to the insurance company within a reasonable period of time. *See State Auto. Mut. Ins. Co. v. Youler,* 183 W.Va. 556, 561, 396 S.E.2d 737, 742 (1990); *Ragland v. Nationwide Mut. Ins. Co.,* 146 W.Va. 403, 409, 120 S.E.2d 482, 485 (1961). *See also, Illinois Valley Minerals Corp. v. Royal–Globe Ins. Co.,* 70 Ill.App.3d 296, 26 Ill.Dec. 629, 388 N.E.2d 253 (1979).

■ Applying our holding to the case at hand, we find that appellant Watkins gave notice of his claim against Mr. Barrett to Mr. Duvall, a claims representative for Colonial. The telephone call by appellant Watkins, as well as the subsequent letters by his attorney and the mailing of the complaint, without question advised Colonial of the existence of the plaintiff's claims against Mr. Barrett. These actions could therefore satisfy the insurance contract's notice requirement. The actions of Mr. Duvall in response to these communications demonstrate that Colonial was afforded an ability to investigate the claim and estimate its liabilities. The question raised by the parties, then, is whether appellant Watkins unreasonably delayed his notice sufficiently to prejudice Colonial's rights.

■ In examining whether an insurance company has been prejudiced by an unreasonable delay in receiving notice of a claim, we set forth the following guidelines in Syllabus Point 2 of *Dairyland Ins. Co. v. Voshel,* 189 W.Va. 121, 428 S.E.2d 542 (1993):

In cases which involve liability claims against an insurer, several factors must be considered before the Court can determine if the delay in notifying the insurance company will bar the claim against the insurer. The length of the delay in notifying the insurer must be considered along with the reasonableness of the delay. If the delay appears reasonable in light of the insured's explanation, the burden shifts to the insurance company to show that the delay in notification prejudiced their investigation and defense of the claim. If the insurer can produce evidence of prejudice, then the insured will be held to the letter of the policy and the insured barred from making a claim against the insurance company. If, however, the insurer cannot point to any prejudice caused by the delay in notification, then the claim is not barred by the insured's failure to notify.

With these guidelines in mind, we examine the positions of the parties.

■ We first consider the "length of delay in notifying the insurer." In the instant case, appellant Watkins notified by telephone a person acting on behalf of Colonial—Mr. Duvall—during the 6–day period between the July 26, 1995 accident and the August 1, 1995 letter written by Mr. Duvall. Furthermore, on October 3, 1997, the same day that Mr. Barrett was served with a copy of the civil complaint for damages, counsel for the appellant mailed a copy of the complaint and the return of summons to Colonial.

■ The question we must consider under *Voshel* is "the reasonableness of the delay." The question of whether an insurance company was notified within a reasonable time period is, generally, a question for the finder of fact. *Voshel,* 189 W.Va. at 124, 428 S.E.2d at 545; *Youler,* 183 W.Va. at 561, 396 S.E.2d at 742. We find nothing in the record to suggest that the appellant's telephone call to Colonial 6 days after the accident was unreasonable. We also find nothing to suggest anything unreasonable about the appellant mailing a copy of the complaint to the insurance company on the same day as it was served upon Mr. Barrett.[5]

---

5. Colonial argues in its brief that "the Appellant did not provide Colonial with any notice of the filing of this lawsuit, either personally or through his counsel, until October 3, 1997, over twenty-one (21) months after the filing of the lawsuit."

Colonial suggests that this 21 month delay was unreasonable.

Colonial's argument is absurd. Colonial received notice of the lawsuit at the same time as

Because the delay appears reasonable, the "burden shifts to the insurance company to show that the delay in notification prejudiced their investigation and defense of the claim." Syllabus Point 2, *Voshel.* The August 1, 1995 letter from Mr. Duvall indicates that he had "carefully examined the circumstances surrounding this accident" and "after a careful examination of the facts," could determine that Mr. Barrett was not liable for the collision. It is therefore apparent that appellant Watkins' phone call was sufficient to notify Colonial of the existence of a claim, such that Colonial could investigate the claim and determine the extent of its liability, if any.

Furthermore, repeated phone calls and letters from the appellant's attorney were met by letters from Colonial plainly stating that Colonial had investigated the claim, interviewed witnesses, and determined that its insured, Mr. Barrett, was not liable for the accident. West Virginia's insurance code mandates that an insurance carrier promptly and thoroughly investigate claims arising under an insurance policy, and prohibits an insurance carrier from refusing to pay a claim "without conducting a reasonable investigation based upon all available information." *See W.Va.Code,* 33–11–4(9) [1985]. Based upon the existing record, we must presume that Mr. Duvall complied with our insurance laws, and that he conducted a prompt and thorough investigation of the appellant's claims. Accordingly, Colonial cannot now claim it was prejudiced by an inability to investigate the appellant's claims.

Therefore, because Colonial cannot point to any prejudice caused by the method by which it was notified, the appellant's claims against Mr. Barrett's liability insurance policy are not barred by the notice provisions of the policy.

Accordingly, we hold that the circuit court erred in granting a declaratory judgment to Colonial.

### IV.

### *Conclusion*

The August 16, 1999 order of the circuit court is reversed, and the case is remanded for further proceedings.

Reversed and Remanded.

its insured, Mr. Barrett. If Mr. Barrett had himself immediately mailed a copy of the complaint to Colonial, Colonial could not complain it did not receive timely notice of the lawsuit. The only difference in this case is that the appellant mailed the complaint rather than Mr. Barrett. We fail to understand how the notice of a lawsuit would have been timely if Mr. Barrett had done the mailing, but untimely because it was mailed by the appellant.