**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-1156**

─────────────

MEDICAL ASSURANCE OF WEST VIRGINIA,
INCORPORATED, a West Virginia Corporation,

                                    Plaintiff - Appellant,

        versus

UNITED STATES OF AMERICA,

                                    Defendant - Appellee.

-------------------------------------------

WEST VIRGINIA MUTUAL INSURANCE COMPANY,
INCORPORATED,

                              Amicus Supporting Appellant.

─────────────

**No. 06-1494**

─────────────

MEDICAL ASSURANCE OF WEST VIRGINIA,
INCORPORATED, a West Virginia Corporation,

                                    Plaintiff - Appellant,

        versus

UNITED STATES OF AMERICA,

                                    Defendant - Appellee.

-------------------------------------------

WEST VIRGINIA MUTUAL INSURANCE COMPANY,
INCORPORATED,

                                    Amicus Supporting Appellant.

————————————

Appeals from the United States District Court for the Southern
District of West Virginia, at Charleston.  Joseph Robert Goodwin,
District Judge.  (2:04-cv-0432)

————————————

Argued:  January 30, 2007              Decided:  April 24, 2007

————————————

Before WILKINS, Chief Judge, and NIEMEYER and MICHAEL, Circuit
Judges.

————————————

Reversed by unpublished per curiam opinion.

————————————

**ARGUED:** Douglas Warren Baruch, FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON, L.L.P., Washington, D.C., for Appellant.  Lawrence Eiser,
UNITED STATES DEPARTMENT OF JUSTICE, Torts Branch, Civil Division,
Washington, D.C., for Appellee.  **ON BRIEF:** Eugene N. Hansen, FRIED,
FRANK, HARRIS, SHRIVER & JACOBSON, L.L.P., Washington, D.C., for
Appellant.  Peter D. Keisler, Assistant Attorney General, Roger D.
Einerson, Assistant Director, UNITED STATES DEPARTMENT OF JUSTICE,
Torts Branch, Civil Division, Washington, D.C., for Appellee.
Michael J. Farrell, Charlotte A. Hoffman, Robert L. Hogan, FARRELL,
FARRELL & FARRELL, P.L.L.C., Huntington, West Virginia, for West
Virginia Mutual Insurance Company, Incorporated, Amicus Supporting
Appellant.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Medical Assurance of West Virginia, Inc. (MAWV) brought a declaratory judgment action in federal court against the United States, the subrogee of MAWV's insured, Dr. Prakob Srichai, to establish that it has no obligation to pay a medical malpractice claim against the doctor. The case went to trial, and MAWV contended that Dr. Srichai had breached the terms of his insurance policy by failing to notify MAWV of the claim "as soon as practicable." The jury returned a verdict in favor of the United States and against MAWV. The district court denied MAWV's motion for judgment as a matter of law and awarded attorney's fees to the United States as Dr. Srichai's subrogee. We conclude that because MAWV received no notice of the claim until four years after Dr. Srichai first became aware of it, and Dr. Srichai offered no reasonable explanation for the delay, the jury had no basis for excusing Dr. Srichai's breach of the policy's notification provision. MAWV was thus entitled to judgment as a matter of law.

The underlying medical malpractice claim arose from an automobile accident caused by Terry Hoosier, one of Dr. Srichai's patients. At the time, Dr. Srichai was employed by the Community Health Foundation of Man (CHF), a federally funded clinic covered by the Federal Tort Claims Act (FTCA), 42 U.S.C. § 233. The representative of the accident victims, Gorman Osbourne, sued Hoosier in West Virginia state court. Osbourne also initiated an

3

administrative proceeding with the United States Department of Health and Human Services against Dr. Srichai and CHF in March 1999. Osbourne alleged that the accident occurred while Hoosier was under the influence of drugs negligently prescribed by Dr. Srichai. After Osborne exhausted the administrative process, he was permitted to add Dr. Srichai and CHF as defendants in the suit against Hoosier. Because Dr. Srichai and CHF qualified as federal employees, the United States intervened in the suit, removed the case to federal court, and had itself substituted for Dr. Srichai as a defendant in accordance with the FTCA. In October 2002 the parties settled the case with an agreement by the United States to pay the plaintiffs $3.9 million.

The United States subsequently discovered that Dr. Srichai held a $1 million private insurance policy with MAWV that covered the malpractice incident. In June 2003 the United States sent a letter to MAWV "making a subrogation demand in the amount of $916,667" under the policy. MAWV refused to pay, claiming that Dr. Srichai had breached the policy by failing to comply with the requirement that the insured notify the company of covered claims "as soon as practicable." Prior to the United States's letter, MAWV had no notice of the malpractice claim against Dr. Srichai.

The United States argues that the delay does not bar coverage because the United States mistakenly believed that the policy had expired and Dr. Srichai may have been under the

4

impression that the policy covered only surgical treatment. MAWV argues that these explanations are insufficient as a matter of law. We review de novo a district court's denial of a motion for judgment as a matter of law. ABT Bldg. Prods. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 472 F.3d 99, 113 (4th Cir. 2006). We must assess whether the evidence, when viewed in the light most favorable to the prevailing party, is sufficient for a reasonable jury to find in that party's favor. Id.

Under West Virginia law a violation of an insurance policy's notice provision does not always bar a claim against the insurer. If the insured offers a reasonable explanation for the delay, "the burden shifts to the insurance company to show that the delay in notification prejudiced [its] investigation and defense of the claim." Dairyland Ins. Co. v. Voshel, 428 S.E. 2d 542, 546 (W. Va. 1993). The reasonableness of a delay is generally a question of fact. Colonial Ins. Co. v. Barrett, 542 S.E. 2d 869, 875 (W. Va. 2000). However, when the insured offers no explanation, the delay is considered unreasonable as a matter of law. See Ragland v. Nationwide Mut. Ins. Co., 120 S.E. 2d 482, 490-91 (W. Va. 1961).

Dr. Srichai's insurance policy requires him to notify MAWV of any claim or potential claim "as soon as practicable" to guarantee coverage. Dr. Srichai first had notice of a potential malpractice claim when Osbourne commenced administrative proceedings against him in 1999. However, MAWV did not receive

5

notice of the claim until the United States demanded payment under the policy (as Dr. Srichai's subrogee) four years after the proceedings against Dr. Srichai began. Under the policy Dr. Srichai had a duty to report the claim to MAWV throughout this period. Thus, we consider only whether a reasonable explanation has been offered for his failure to notify MAWV as soon as he became aware of the malpractice claim.

The United States attempts to explain Dr. Srichai's failure to notify MAWV by asserting that he mistakenly believed the policy covered only his surgical practice. Although the policy plainly covers all "medical incidents," the United States points to two letters to claim that Dr. Srichai was under the mistaken impression that the policy did not cover the claim. The first letter, from CHF's insurance agent to MAWV, seeks to add CHF to Dr. Srichai's policy as an additional insured "because he is a general surgeon and his specialty does not meet the federal guidelines" for FTCA coverage. This may suggest some confusion on the part of CHF, but it does not show that Dr. Srichai thought the policy was limited to his surgical practice. The second letter, from CHF to the federal officials handling the administrative claim, states that the policy "was purchased to insure the surgical practice of [Dr. Srichai]." Again, however, Dr. Srichai neither drafted the letter nor is there any indication that he received a copy. Thus, neither letter shows that Dr. Srichai had been mistaken or deceived

6

as to the scope of the policy, and a jury could not reasonably conclude that he had a valid reason for his failure to notify MAWV. An unexplained, four-year delay in notice is unreasonable as a matter of law. See Ragland, 120 S.E. 2d at 490-91 (unexplained delay of more than five months unreasonable as a matter of law). The district court thus erred in denying MAWV's motion for judgment as a matter of law. Similarly, because MAWV did not erroneously disclaim liability under the policy, the United States is not entitled to the award of attorney's fees granted by the district court. See Hayseeds, Inc. v. State Farm Fire & Cas., 352 S.E. 2d 73, 80 (W. Va. 1986).

The judgment entered in favor of the United States and the order awarding attorney's fees to the United States are

REVERSED.