# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Amanda Fredericks, Administratrix of the**
**Estate of Keith Allen Mongold, deceased,**
**Defendant Below/Petitioner**

**vs.) No. 19-1106 (Grant County 18-C-16)**

**Kevin W. Mongold and**
**Misty Lynn Mongold,**
**Plaintiffs Below/Respondents**

**FILED**
**May 7, 2021**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Amanda Fredericks, Administratrix of the Estate of Keith Allen Mongold, deceased,[1] by counsel Michael C. Cardi, appeals two orders entered by the Circuit Court of Grant County. The first order, entered on July 9, 2019, granted default judgment in favor of respondents in an action involving a contract for the sale of property and petitioner's refusal to convey the property to respondents. The second order, entered November 6, 2019, denied petitioner's motion to modify the default judgment order.[2] Respondents Kevin W. Mongold and Misty Lynn Mongold, by counsel Duke A. McDaniel, filed a response in support of the circuit court's order.

Upon consideration of the standards of review, the parties' briefs and oral arguments, the submitted appendix record, and the pertinent authorities, the Court finds that the court below erred in granting default judgment, and the case is remanded to the circuit court for further proceedings consistent with this decision. Because this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, we find that a memorandum decision is appropriate to resolve the issues presented.

---

[1] By motion filed March 17, 2021, counsel for petitioner informed the Court that petitioner Keith Allen Mongold had died and requested that Amanda Fredericks, Administratrix of the Estate of Keith Allen Mongold, be substituted as petitioner in this appeal. By order entered March 31, 2021, the Court granted the motion. Notwithstanding this substitution of parties, for the purposes of this appeal, "petitioner" refers to the decedent, Keith Allen Mongold, unless expressly stated as referring to the Administratrix ("petitioner Administratrix").

[2] This order contained the following language: "This is a final order which may be appealed to the West Virginia Supreme Court . . . ." Petitioner timely filed his appeal.

1

Respondents, who are petitioner's father and stepmother, filed a complaint on September 6, 2018, seeking specific performance of a "Contract of Sale" dated January 5, 2016, for a piece of property located in Grant County, West Virginia, which respondents sought to purchase from petitioner. Respondents alleged that petitioner had refused to execute and deliver a deed of conveyance for the property to them pursuant to the Contract of Sale. Respondents sought and obtained an order of publication, also dated September 6, 2018, from the Circuit Court of Grant County to effectuate service of their complaint on petitioner because he was not a resident of this State.

Petitioner, who was self-represented, sent a letter to the circuit court dated October 9, 2018, requesting an extension of "30-60 days to answer and provide evidence in my defense in this complaint against me." Petitioner stated that he had no knowledge of the civil action filed against him "until my Grandmother read it in the local newspaper, and brought it to my attention, only 2 weeks ago."[3] By order entered November 16, 2018, the circuit court gave petitioner until November 23, 2018, to file an answer to respondents' complaint.

Petitioner, by letter dated December 17, 2018, which referenced "Answer to the Complaint Filed on 09.06.2018," inquired of the circuit court as to whether he had been granted an extension of time to answer the complaint. Petitioner indicated that he had "numerous failed attempts at reaching out to the court and its attendants for confirmation" of whether he had been granted an extension of time to file an answer. Petitioner stated that on November 21, 2018, he was informed over the phone by the court that his extension had been granted on November 16, 2018, and that the deadline for filing an answer was November 23. According to petitioner, "[o]nce again, we were not informed, so we could not give a timely response to the complaint." Petitioner then stated: "We are requesting a court appearance to provide evidence needed for my defense. This case has no merit. My property was never offered for sale." The circuit clerk entered this letter on the docket sheet as "ANSWER TO COMPLAINT FILED BY KEITH MONGOLD; CC: JUDGE COURRIER AND DUKE MCDANIEL[.]"

The docket sheet indicates that on January 8, 2019, petitioner was advised that he could notice a hearing in the case, but he "would be responsible for doing the notice of hearing and certificate of service." There was no activity in the case until June 13, 2019, when respondents filed a motion for default judgment with a supporting affidavit. There was no certificate of service affixed to the motion and there is no indication on either the docket sheet or the motion itself that it was served on petitioner.

By order entered July 9, 2019, the circuit court granted respondents a default judgment.[4] The circuit court found that "no pleading had been filed by" petitioner, and further that "the

---

[3] This letter showed petitioner's address as "Post Office Box #004[,] Stevenson, CT 06491[.]"

[4] Despite the language contained in this order, as well as the language in the November 6, 2019, order indicating that there was a hearing on respondents' motion on the same day it was filed – June 13, 2019 – it is unclear from the appendix record whether the circuit court actually conducted a hearing.

Contract of Sale between the Plaintiffs and Defendant is a binding Contract of Sale" and respondents were "entitled to a deed of conveyance for the property described in the Contract of Sale." The circuit court appointed a special commissioner – respondents' attorney – to deliver a "good and sufficient special warranty deed" to respondents and to receive "monies, if any, after the discharge of liens and payment of costs[.]" The special commissioner was to report back to the Court before an order dismissing the case from the circuit court's docket would be entered.

By letter dated October 9, 2019, petitioner requested that the circuit court modify "and reopen a court order No 18-C-16, filed on July 19th 2019."[5] Petitioner stated that he never received the default judgment order when it was entered because he had changed addresses in Connecticut; he then provided the court with his updated current address. Petitioner stated that he had received a letter on October 7, 2019, from the circuit court stating that default judgment had been entered in the case on June 13, 2019. Petitioner further stated that he resides outside the State and

> was never given notice via mail, email, fax, [or] phone regarding the hearing, even after multiple conversations via phone with [respondent] Kevin Mongold. The Defendant Keith Mongold was not given notice to be able to defend his rights of ownership and to provide necessary documents to defend his case. On October 08, 2019[,] the court[']s clerk[']s office confirmed Keith Allen Mongold was never notified and there was no certificate of notification, and he was not given sufficient notice.[6]

(Footnote added). According to petitioner,

> [o]n December 17, 2018 per the court[']s requirements, Keith Allen Mongold provided an answer to the original court order stating that the case held no merit and that the property was never for sale. The document was faxed and hand delivered to the courts [sic]. In the order filed July 09, 2019[,] the order states that "[t]he Court further noted that no pleading had been filed by the Defendant". I have included documents with this letter proving that Keith Allen

---

[5] Because this letter seeking to modify the July order was filed months after the order had been entered, we analyze this motion under Rule 60(b) of the West Virginia Rules of Civil Procedure.

[6] Respondents admitted in their brief that "they did not afford the Petitioner three days' notice before the hearing . . . ." *See supra* note 4. However, respondents claim that they did not afford petitioner any notice of the hearing because they did not know his "whereabouts as he for years had purposefully concealed his address and whereabouts from his father." Respondents offer no evidence in the appendix record to support this claim, including the affidavit filed in support of their motion for default judgment.

3

> Mongold, did in fact give a response to the courts on December 17, 2018.

Petitioner asserted in this letter that the Contract of Sale had been forged and that his signature could not have been notarized in West Virginia as he was in the State of Florida at the time.

On November 6, 2019, the circuit court entered an order denying petitioner's motion to modify. The circuit court found that "the Defendant . . . did not file an answer even with the extension of time granted by the Court[.]" The circuit court acknowledged petitioner's December 17, 2018, letter wherein petitioner stated that the case had no merit and that his property was never offered for sale. The circuit court "presume[d] that the Defendant want[ed] this language to count as a proper answer to the complaint in this case, but the Court finds this to not only be too late but also insufficient as an answer[.]" The circuit court then denied petitioner's motion, finding that "[t]here does not appear to be any valid reason to overturn" its prior decision, that despite having knowledge of the complaint, petitioner "failed to take action to file a proper answer to the complaint," even with an extension of time, and that petitioner "took no steps to properly defend the action, and the Defendant waited approximately four months after the hearing before seeking this modification." Petitioner appeals from the July 9, 2019, and November 6, 2019, orders.

Petitioner's sole assignment of error on appeal is that the circuit court erred in granting default judgment without giving him notice or a hearing, and in denying his motion to amend the judgment where he was self-represented,[7] had filed an answer to the complaint, and tried to defend the action. We previously held that "[a] motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. Pt. 3, *Intercity Realty Co. v. Gibson*, 154 W. Va. 369, 175 S.E.2d 452 (1970), *overruled on other grounds by Cales v. Wills*, 212 W. Va. 232, 569 S.E.2d 479 (2002); *accord* Syl. Pt. 3, *Hinerman v. Levin*, 172 W.Va. 777, 310 S.E.2d 843 (1983) ("Appellate review of the propriety of a default judgment focuses on the issue of whether the trial court abused its discretion in entering the default judgment."). However, we also held in syllabus point two of *Parsons v. McCoy*, 157 W.Va. 183, 202 S.E.2d 632 (1973), that "[t]he Rules of Civil Procedure pertaining to the setting aside of default judgments should be liberally construed in order to provide the relief from onerous consequences of default judgments." Finally, in syllabus point three, in part, of *Parsons v. Consol. Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979), we held:

---

[7] We note at the outset that petitioner focuses on the circuit court's failure to view what transpired below through the lens of a self-represented litigant. *See Cottrill v. Cottrill*, 219 W. Va. 51, 54, 631 S.E.2d 609, 612 (2006) ("[W]e have recognized that a *pro se* litigant's . . . rights under the law should not be abridged simply because he or she is unfamiliar with legal procedures. To that end, we have advised that the 'trial court must "strive to insure that no person's cause or defense is defeated solely by reason of their unfamiliarity with procedural or evidentiary rules."'") (citations omitted). Because we afford petitioner the relief he requested, we do not specifically address this issue. However, we take this opportunity to remind circuit courts of their responsibility when self-represented litigants appear before them.

4

In determining whether a default judgment should be . . . vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.

With these standards in mind, we review the issue before us.

This case is easily resolved by a straightforward application of the West Virginia Rules of Civil Procedure. West Virginia Rule of Civil Procedure 55(b)(2) provides:

> (b) **Judgment**. Judgment by Default May be Entered as Follows:
>     . . . .
> (2) *By the Court*. In all other cases the party entitled to a judgment by default shall apply to the court therefor; . . . . *If the party against whom judgment by default is sought has appeared in the action,* the party (or, if appearing by representative, the party's representative) *shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. . . .*

*Id*. (some emphasis added). In *Cales*, this Court recognized that:

> "[t]he term 'appeared in the action,' for purposes of a default judgment under Rule 55(b)(2) of the West Virginia Rules of Civil Procedure, is quite different from an appearance for other purposes[.]" *Colonial Ins. Co. v. Barrett*, 208 W.Va. 706, 709 n. 2, 542 S.E.2d 869, 872 n. 2 (2000). In the single syllabus of *Daniels v. Hall's Motor Transit Co.*, 157 W.Va. 863, 205 S.E.2d 412 (1974), we addressed the issue of appearance under Rule 55(b)(2) as follows:
>
>> Where a party defendant files a written stipulation extending the time for filing an answer, *or indicates interest in pending litigation against him by any other written matter of record in the court file signed by the party, his counsel, or his representative, the party "has appeared" within the contemplation of Rule 55(b)(2), R.C.P. and is entitled to notice of an application for default judgment.*

212 W. Va. at 239, 569 S.E.2d at 486 (emphasis added).

In this case, both petitioner's letter seeking an extension of time to file an answer, as well as his December 17, 2018, letter with the subject line "Answer to the Complaint Filed on

5

09.06.2018," constituted an "appearance" in the action.[8] Respondents' counsel conceded this fact during oral argument before this Court. According to West Virginia Rule of Civil Procedure 55(b)(2), respondents were required to serve petitioner "with written notice of the application for judgment at least 3 days prior to the hearing on such application." Respondents acknowledge that petitioner was not given any notice in this case. This Court held in syllabus point three of *Investors Loan Corp. v. Long*, 152 W. Va. 673, 166 S.E.2d 113 (1969):

> A motion for judgment by default against the party who has failed to plead to the complaint of the plaintiff but who has appeared in the action but has not been served with written notice of the application for such judgment at least three days prior to the hearing as provided by Rule 55(b)(2) of the Rules of Civil Procedure *should not be granted or such judgment entered by the court in the absence of service of such notice; and a judgment by default so entered by the court is erroneous and will be set aside upon appeal*.

(Emphasis added); s*ee also* Syllabus, *Godbey v. Lanham*, 191 W. Va. 233, 445 S.E.2d 174 (1994) ("Where a defendant has answered a plaintiff's complaint, a default judgment under Rule 55(b)(2) of the Rules of Civil Procedure may not be obtained unless the defendant shall have been served with written notice of the application for judgment at least three days prior to the hearing on such application.").

Having concluded that the circuit court abused its discretion in entering a default judgment in this case, we will not belabor the fact that petitioner Administratrix satisfies the factors that the circuit court should have considered in determining whether the default judgment should have been vacated.[9] *See Parsons*, 163 W.Va. at 464-65, 256 S.E.2d at 759, Syl. Pt. 3, in part. First, there was little, if any, prejudice suffered by respondents due to petitioner's delay in answering this case. As indicated *supra*, respondents took no action in this case from the time the complaint was filed until they filed a motion for default judgment over nine months later. Second, it is undeniable that material issues of fact exist in the case based upon petitioner's December 17, 2018, letter wherein he represents that the property at issue was never for sale and in the October 9, 2019, letter wherein he asserts that the Contract of Sale was forged. Third, when viewing the interests at stake, the interests concern the ownership of property that was deeded to petitioner by his grandparents. Fourth, when viewing the degree of intransigence on the part of the defaulting party the circuit court abused its discretion in finding that petitioner "failed to take action to defend[,]" because petitioner sought an extension of time to answer the complaint, filed what he claimed was

---

[8] The circuit court found that petitioner intended the language in the December 17, 2018, letter "to count as a proper answer to the complaint in this case," but found "this to not only be too late but also insufficient as an answer[.]"

[9] The circuit court did not apply the law enunciated in *Parsons* in deciding petitioner's motion to modify the order granting default judgment. *See* 163 W.Va. at 464-65, 256 S.E.2d at 759, Syl. Pt. 3, in part.

6

an answer, and asked for a hearing in the matter.[10] *See id*.  Accordingly, we find the circuit court abused its discretion in denying petitioner's motion to modify the default judgment.

For the foregoing reasons, we reverse the circuit court's July 9, 2019, and November 6, 2019, orders, and we conclude that the circuit court erred in failing to set aside the default judgment.  The case is remanded to the circuit court for further proceedings consistent with this decision

Reversed and remanded.

**ISSUED:**  May 7, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice  William R. Wooton

---

[10] However, petitioner did fail to notify the circuit court of his change of address which caused him not to receive notice of the order granting default judgment.