445 S.E.2d 174

**Robert L. GODBEY, Plaintiff Below, Appellee,**

v.

**William Foy LANHAM, Defendant Below, Appellant.**

**No. 21778.**

Supreme Court of Appeals of West Virginia.

Submitted May 4, 1994.

Decided May 20, 1994.

Robert L. Godbey, pro se.

R. Lee Booten, II, Huntington, for appellant.

MILLER, Justice:

This appeal is brought by William Foy Lanham from an order entered November 25, 1992, by the Circuit Court of Cabell County. This order overruled the defendant's motion to reconsider the circuit court's denial of a motion to set aside a default judgment. For the reasons set forth below, we reverse the circuit court and remand the matter for a trial on the merits.

This case arose from a dispute over legal fees charged by Robert L. Godbey, an attorney, against Mr. Lanham. Mr. Lanham executed a contract on January 9, 1987, with Mr. Godbey with regard to representing him in a

1. The contract reads, in relevant part, as follows:
"THE UNDERSIGNED agrees to pay said attorney the sum of Six Hundred Dollars ($600.00) as a retainer, this sum generally being sufficient to pay for an uncontested divorce; however, the total fee will be based upon the amount of time involved at the rate of Ninety Dollars ($90.00) per hour, plus costs and necessary and reasonable expenses. Should a Separation Agreement be drawn by my said attorney, the fee for the same will be Two Hundred Dollars ($200.00); that all attorney fees and costs are payable prior to the Final Hearing date and it is expressly understood that if the fees and costs are not paid, said attorney will not be required to bring the matter on for Final Hearing, or if a Final Hearing is had, the Final Order will not be entered until sums are fully satisfied."

2. In the Syllabus of Cardot v. Luff, 164 W.Va. 307, 262 S.E.2d 889 (1980), we stated:

divorce action. Initially, he paid a sum of $600 as a retainer. The contract noted that this amount was generally sufficient to pay for an uncontested divorce. The contract further provided for payment of $90.00 per hour plus costs and expenses.[1] Mr. Lanham was billed an additional $6,803.23. The bulk of this fee was incurred in the latter months of the case. The last payment made by Mr. Lanham was on September 23, 1987, in the amount of $500. Mr. Godbey contends a balance of $6,355.73 is due.

When the balance due was not forthcoming, Mr. Godbey on February 19, 1988, appeared before the family law master on a motion for permission to withdraw as counsel for Mr. Lanham.[2] Thereafter, by letter dated May 19, 1988, Mr. Godbey notified Mr. Lanham that if he failed to pay the balance due of $6,355.73, legal action would be taken.[3] On May 25, 1988, Mr. Godbey instituted a legal action to collect the fee. Mr. Lanham appeared and defended the action.

The case languished for some period of time. It appears that Mr. Lanham initially was unrepresented by counsel, but did file an answer. He also answered interrogatories propounded by Mr. Godbey and appeared *pro se* for a deposition taken by Mr. Godbey in March of 1989.

On September 22, 1992, Mr. Godbey served notice and a motion for a time frame order upon Mr. Lanham by sending the same by certified mail to his last address of record. The notice advised that a conference would

"An attorney in a civil case can for good cause terminate the attorney-client relationship. However, before an attorney can unilaterally sever the attorney-client relationship, he must give reasonable notice to his client of his intention to withdraw. If the withdrawal involves a matter pending in court, there is the further requirement that the attorney secure court permission for his withdrawal."

3. This court stated in Syllabus Point 1, in part, of *May v. Seibert*, 164 W.Va. 673, 264 S.E.2d 643 (1980):

"A lawyer may always withdraw from representing a client when he is justified in doing so because of ... refusal by the client to pay agreed-upon expenses or fees....

"In [this] situation[ ] the lawyer is entitled to so much of his fee *as he has earned.*" (Emphasis added).

be held on October 2, 1992. The post office attempted service without success and returned the notice to Mr. Godbey on October 9, 1992. The circuit court held the conference without Mr. Lanham's presence. Moreover, the circuit court issued a time frame order, which set the matter for a pretrial conference on October 9, 1992, and for trial on October 14, 1992.

The time frame order was allegedly mailed to Mr. Lanham's last known address both by regular mail and certified mail.[4] The certified letter was returned to Mr. Godbey by the post office, but the regular mail was not returned. Mr. Lanham failed to appear for the pretrial conference on October 9, 1992. At the conference, Mr. Godbey moved the circuit court to grant a default judgment. The circuit court sustained the motion and granted judgment against Mr. Lanham in the amount of $6,355.73, plus interest, and a $10.00 statutory attorney fee. The motion was granted without any service of the motion upon Mr. Lanham.

The rule for granting a default judgment is found in Rule 55(b)(2) of the West Virginia Rules of Civil Procedure, which provides, in relevant part: "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."

In this case, there was a clear abuse of discretion by the circuit court. We have held that the failure to provide the three-day notice provided in Rule 55(b)(2) of the Rules of Civil Procedure is erroneous and will result in vacating the judgment. In *Investors Loan Corp. v. Long*, 152 W.Va. 673, 166 S.E.2d 113 (1969), we dealt with a situation where the party appeared in the case through an attorney although no answer was filed. We held in Syllabus Point 3 of *Long:*

"A motion for judgment by default against the party who has failed to plead to the complaint of the plaintiff but who has appeared in the action but has not been served with written notice of the applica-

tion for such judgment at least three days prior to the hearing as provided by Rule 55(b)(2) of the Rules of Civil Procedure should not be granted or such judgment entered by the court in the absence of service of such notice; and a judgment by default so entered by the court is erroneous and will be set aside upon appeal."

Also, in *Cordell v. Jarrett,* 171 W.Va. 596, 598, 301 S.E.2d 227, 229 (1982), we noted that a default judgment granted without a three-day written notice prior to the hearing for the default judgment was erroneous. Here, an answer was filed by Mr. Lanham. Thus, it is clear that where a defendant has answered a plaintiff's complaint, a default judgment under Rule 55(b)(2) of the Rules of Civil Procedure may not be obtained unless the defendant shall have been served with written notice of the application for judgment at least three days prior to the hearing on such application.

In this case, no notice was given prior to the hearing granting the motion for default judgment. We, therefore, reverse the order of the Circuit Court of Cabell County and remand this matter for a trial on the merits.

Reversed and remanded.

---

4. We note that the record does not contain a certificate of service or other indication that the time frame order was mailed to Mr. Lanham.