542 S.E.2d 78

**Kevin M. LEE, Plaintiff Below, Appellee,**

**v.**

**The GENTLEMEN'S CLUB, INC., d/b/a Silk Stockings, a West Virginia Corporation, Defendant Below, Appellant.**

No. 27806.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 1, 2000.

Decided Dec. 1, 2000.

John R. McGhee, Jr., Katherine Amelotte Jones, Kay, Casto & Chaney, P.L.L.C., Charleston, for the Appellant.

Gregory H. Schillace, Tiffany R. Durst, Brough A. Jones, McNeer, Highland, McMunn & Varner, Clarksburg, for the Appellee.

PER CURIAM:

This appeal was filed by The Gentlemen's Club, Inc., d/b/a Silk Stockings (hereinafter

referred to as "the Club"), appellant/defendant below, from an order of the Circuit Court of Harrison County denying the Club's motion to set aside a default judgment. The sole issue presented is whether the circuit court erred in denying the Club's motion to set aside the default judgment. After thoroughly reviewing the briefs and record in the case, and listening to the oral arguments, we affirm the circuit court's order denying the motion to set aside the default judgment.

## I.

### FACTUAL AND PROCEDURAL HISTORY

On December 4, 1998, Mr. Kevin M. Lee, appellee/plaintiff below (hereinafter referred to as "Mr. Lee"), was a patron at the Club's Harrison County location.[1] It appears that when Mr. Lee was attempting to leave the premises, he exited through a door that lead to an immediate five foot drop. As a result of falling out the door, Mr. Lee sustained a fractured tibia, ankle, and suffered a torn knee cartilage.

On December 17, 1998, counsel for Mr. Lee attempted to send a certified letter, return receipt requested, to the Club's agent Mr. Jeff Stamm.[2] The letter was intended to alert the Club that Mr. Lee had retained counsel. The United States Postal Service provided the Club with notice of the letter on three separate occasions. However, on January 9, 1999, the letter was returned marked as "unclaimed."

1. The Club provides alcoholic beverages and live entertainment.

2. The address for the Club was maintained by the Secretary of State as follows:
   The Gentlemen's Club, Inc.
   d/b/a Silk Stockings
   Rt. 1, Box 248
   Salem, West Virginia 26426

3. The Club was not given notice of the damages hearing and did not appear at the hearing. Under Rule 55 of the West Virginia Rules of Civil Procedure, Mr. Lee was not obligated to provide notice of the hearing. *See Evans v. Holt*, 193 W.Va. 578, 582 n. 7, 457 S.E.2d 515, 519 n. 7 (1995) ("It is undisputed that at the time of the default judgment and the writ of inquiry, the Appellant had not appeared, either by filing an answer or other responsive pleading, or by mak-

Mr. Lee filed a civil action against the Club on January 13, 1999, alleging causes of action arising from the fall and the injuries he sustained on the Club's premises. Service of process was accepted by the Secretary of State on behalf of the Club on January 19, 1999. The Secretary of State forwarded process to Mr. Jeff Stamm, via certified mail, return receipt requested, but the mail was returned marked "unclaimed." The Secretary of State then notified the clerk of the circuit court that process had been returned marked "unclaimed."

In this appeal, the Club does not contest the authority of the Secretary of State to accept process on its behalf. The Secretary of State's authority is fully set forth in West Virginia Code § 31–1–15 (Supp.2000) which states in part:

> The secretary of state is hereby constituted the attorney-in-fact for and on behalf of every corporation created by virtue of the laws of this State and every foreign corporation authorized to conduct affairs or do or transact business herein pursuant to the provisions of this article, with authority to accept service of notice and process on behalf of every such corporation and upon whom service of notice and process may be made in this state for and upon every such corporation.

■ Mr. Lee moved for entry of default on February 23, 1999. The circuit court granted the motion. A subsequent hearing was held on July 12, 1999, to determine damages.[3] On July 27, 1999, the circuit court

ing an appearance in court. Therefore, under the provisions of [Rule 55(b)(2)], the Appellee was not required to give the Appellant notice of the proceedings."). Rule 55(b)(2) requires notice only when a defendant has appeared in the action. *See* Rule 55(b)(2) ("If the party against whom judgment by default is sought has appeared in the action, he ... shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."); Syl. pt. 4, in part, *Hartwell v. Marquez*, 201 W.Va. 433, 498 S.E.2d 1 (1997) ("The failure to provide a party against whom judgment of default is sought with notice of the application for judgment as required by Rule 55(b)(2) of the W. Va. Rules of Civil Procedure renders the subsequent default judgement voidable, but such judgement is not void."); Syllabus, *Godbey v. Lanham*, 191 W.Va. 233, 445 S.E.2d 174 (1994) ("Where a defendant has answered a plaintiff's

entered a default judgment order awarding Mr. Lee $322,415.76.

■ On August 12, 1999, the default judgment order was mailed to Mr. Jeff Stamm, via regular mail, to the address maintained with the Secretary of State.[4] Mr. Stamm received the order and contacted counsel for the Club. The Club thereafter filed a Rule 60(b) motion to set aside the default and default judgment.[5] A hearing on the motion was held on November 16, 1999. By order entered December 10, 1999, the circuit court denied the motion. It is from this order that the Club now appeals.

## II.

### STANDARD OF REVIEW

■ This Court has held that "[a] motion to vacate a judgment made pursuant to Rule 60(b), W. Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. pt. 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974). We have also determined specifically that "[a] motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. pt. 3, *Intercity Realty Co. v. Gibson*, 154

complaint, a default judgment under Rule 55(b)(2) of the Rules of Civil Procedure may not be obtained unless the defendant shall have been served with written notice of the application for judgment at least three days prior to the hearing on such application."); Syllabus, *Daniels v. Hall's Motor Transit Co.*, 157 W.Va. 863, 205 S.E.2d 412 (1974) ("Where a party defendant filed a written stipulation extending the time for filing an answer, or indicates interest in pending litigation against him by any other written matter of record in the court file signed by the party, his counsel, or his representative, the party 'has appeared' within the contemplation of Rule 55(b)(2), R.C.P. and is entitled to notice of an application for default judgment."); Syl. pt. 3, *Investors Loan Corp. v. Long*, 152 W.Va. 673, 166 S.E.2d 113 (1969) ("A motion for judgment by default against the party who has failed to plead to the complaint of the plaintiff but who has appeared in the action but has not been served with written notice of the application for such judgment at least three days prior to the hearing as provided by Rule 55(b)(2) of the Rules of Civil

W.Va. 369, 175 S.E.2d 452 (1970). Additionally, in default judgment appeals there is "a presumption in favor of the adjudication of cases upon their merits." *Farm Family Mut. Ins. Co. v. Thorn Lumber Co.*, 202 W.Va. 69, 72, 501 S.E.2d 786, 789 (1998) (citations omitted).

## III

### DISCUSSION

The Club sought to vacate the default and default judgment pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure .[6] Under Rule 60(b), a defaulting party may be relieved from a judgment where the judgment was the result of, among other things, mistake, inadvertence, surprise, excusable neglect, or unavoidable cause, or for any other reason justifying relief from the operation of the judgment. The Club argues that the circuit court abused its discretion in denying its motion, because the Club's failure to answer the complaint was due to mistake, inadvertence, surprise, excusable neglect, or unavoidable cause. Mr. Lee points out, and we agree, that the Club failed to state or present any evidence of a mistake, inadvertence, surprise, excusable neglect, or unavoidable cause, for its failure to answer the complaint.

Procedure should not be granted or such judgment entered by the court in the absence of service of such notice; and a judgment by default so entered by the court is erroneous and will be set aside upon appeal.").

4. *See supra* note 2.

5. In *Coury v. Tsapis*, 172 W.Va. 103, 106, 304 S.E.2d 7, 10 (1983), we pointed out that "a default relates to the issue of liability and a default judgment occurs after damages have been ascertained."

6. Rule 60(b) provides in relevant part:

(b) On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; ... or (6) any other reason justifying relief from the operation of the judgment.

■ Failing to present any evidence of a mistake, inadvertence, surprise, excusable neglect, or unavoidable cause, the Club next argues that under the "any other reason" factor of Rule 60(b), the trial court should have granted its motion. To support this second argument, the Club points to the factors outlined by this Court in Syllabus point 3 of *Parsons v. Consolidated Gas Supply Corp.,* 163 W.Va. 464, 256 S.E.2d 758 (1979):

> In determining whether a default judgment should be.... vacated upon a Rule 60(b) motion, the trial court should consider: (1) the degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.

*Accord* Syl. pt. 2, *Jackson Gen. Hosp. v. Davis,* 195 W.Va. 74, 464 S.E.2d 593 (1995). This Court has additionally held that "[t]he Rules of Civil Procedure pertaining to the setting aside of default judgments should be liberally construed in order to provide relief from the onerous consequences of default judgments." Syl. pt. 2, *Parsons v. McCoy,* 157 W.Va. 183, 202 S.E.2d 632 (1973). Furthermore, we have determined that "[i]f any doubt exists as to whether relief should be granted, such doubt should be resolved in favor of setting aside the default judgment in order that the case may be heard on the merits." *State ex rel. United Mine Workers of America, Local Union 1938 v. Waters,* 200 W.Va. 289, 298, 489 S.E.2d 266, 275 (1997) (citation omitted).

■ The Club contends that the default and default judgment should have been vacated in light of the *Parsons* factors.[7] The circuit court's order does not address the factors set out in *Parsons.* However, because we "[r]eview[ ] *de novo* a matter which calls for the application of law to undisputed facts, we apply the four factors enumerated

above in *Parsons* [.]" *Waters,* 200 W.Va. at 298, 489 S.E.2d at 275. In doing so, we find that the Club has failed to satisfy all four of the factors set out in *Parsons. See, e.g., White v. Berryman,* 187 W.Va. 323, 418 S.E.2d 917 (1992) (affirming default judgment as to one of the defendants in the case).

■ The factor which militates against setting aside the default in this case is the Club's intransigence. This court has "noted that any evidence of intransigence on the part of a defaulting party should be weighed heavily against him in determining the propriety of a default judgment." *Hinerman v. Levin,* 172 W.Va. 777, 782, 310 S.E.2d 843, 849 (1983).[8] *See also Coury v. Tsapis,* 172 W.Va. 103, 304 S.E.2d 7 (1983) (reinstating a default).

The Club argues that it was not intransigent in failing to timely answer the complaint. The Club contends that the affidavit submitted by Mr. Stamm indicates that he was unaware that a suit had been filed until he received the default judgment order. We are not persuaded by this argument.

Mr Lee contends that the Club was intransigent in failing to timely answer the complaint for two reasons. First, Mr. Lee points out that the Club knew he was seriously injured when he fell on the premises. Yet, the Club made no inquiry into his condition. Second, Mr. Lee contends that it is simply implausible to believe that the Club did not receive and understand the nature of the two certified communications forwarded to it. Yet, the Club received and responded to the regularly mailed notice of default judgment.

We agree with Mr. Lee that the evidence overwhelmingly shows that the Club intentionally avoided two previous communications concerning the incident. This is not a situation where a defendant is totally unaware of the harm done to a plaintiff on the defendant's premises. In this case, the Club knew Mr. Lee was injured on its premises. Such

---

7. Mr. Lee makes the argument that the Club only sought to vacate the damage award, and did not challenge the issue of liability. The circuit court's order denying the Rule 60(b) motion indicates the Club sought to vacate the liability order and damage award.

8. In *Hinerman* we refused to set aside a default judgment solely because of the evidence of intransigence on the part of the defendant.

knowledge would cause a reasonable business entity to notify its insurer of such an injury and possible litigation resulting therefrom. The Club acted unreasonably in attempting to ignore the injury to Mr. Lee. To rule otherwise encourages business entities to ignore customers injured on their premises in hopes that the matter will vanish.

## IV.

### CONCLUSION

In view of the foregoing, the judgment of the circuit court is affirmed.

Affirmed.