567 S.E.2d 608

**WESTFIELD INSURANCE COMPANY and CULTON CONSTRUCTION, INC., Plaintiffs Below, Appellees,**

v.

**TRIPLE CROWN FLOORING, INC., Defendant Below, Appellant.**

No. 29962.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 9, 2002.

Decided May 3, 2002.

Dissenting Opinion of Justice Starcher July 11, 2002.

Mark R. Lane, Esq., Scott A. Matthews, Esq., Gorr, Moser, Dell & Loughney, LLC, Pittsburgh, PA, for Appellee Westfield Insurance Company.

William L. Frame, Esq., Kelly R. Reed, Esq., Wilson, Frame, Benninger & Metheney, Morgantown, for Appellee Culton Construction, Inc.

Vanessa L. Goddard, Esq., Beth A. Raffle, Esq., Steptoe & Johnson, PLLC, Morgantown, Ancil G. Ramey, Esq., Hanna B. Curry,

Esq., Steptoe & Johnson, PLLC, Charleston, for Appellant.

PER CURIAM.

This is an appeal by Triple Crown Flooring, Inc., from an order of the Circuit Court of Monongalia County, which denied Triple Crown's motion to vacate a default judgment previously entered against it. On appeal, Triple Crown Flooring, Inc., takes the position that the circuit court abused its discretion in failing to set aside the default judgment.

## I.

## FACTS

On February 15, 1999, a fire destroyed a residence which Culton Construction, Inc., was erecting in Monongalia County, West Virginia. According to the facts, as set forth in the complaint, the fire was caused by the negligent omission of the appellant, Triple Crown Flooring, Inc., who was a subcontractor on the project, to prevent dust, and other byproducts of its work, from entering and blocking the heating ducts of a furnace located on the project.

Following the fire, Culton Construction, Inc., filed a property loss claim against its own insurer, Westfield Insurance Company, and Westfield Insurance Company paid $400,000 (or the limit of the coverage under Culton's policy), along with certain costs, to satisfy the claim. Westfield Insurance Company (and Culton Construction, Inc.) then instituted the present action against Triple Crown Flooring, Inc., and Triple Crown Flooring, Inc., turned the matter over to its insurer, Kemper Insurance Company. The record shows that after Kemper Insurance Company was notified of the claim, its adjuster, Ed Marunyak, contacted Culton's attorney and obtained a ten-day extension of time in which to respond to the complaint. This extension expired on April 5, 2000, without a responsive pleading being filed, and, subsequently, on May 1, 2000, Culton Construction, Inc., and Westfield Insurance Company moved for a default judgment against Triple Crown Flooring, Inc. In response to the motion for a default judgment, Triple Crown Flooring, Inc., claimed that its failure to file an answer to the complaint was attributable to excusable neglect and moved for leave to file an answer out of time.

On May 11, 2000, the Circuit Court of Monongalia County heard arguments on the two motions, that is, on Culton Construction's motion for default judgment and on Triple Crown's motion for leave to file a responsive pleading out of time. At the conclusion of the arguments, the court found that the record was silent as to the reasons for the failure of Triple Crown Flooring, Inc., to file a responsive pleading in a timely fashion, and the court concluded that under the circumstances, it was unable to find excusable neglect. The court, therefore, granted the motion for default judgment and set the matter down for a determination of the amount of damages due.

On June 14, 2000, Triple Crown Flooring, Inc., moved to vacate the default judgment and asserted facts which it claimed were sufficient to establish excusable neglect. Specifically, it claimed that in mid-January 2000, Ed Marunyak, Kemper Insurance Company's adjuster who handled its claim, was relocated to Kemper's Mechanicsburg, Pennsylvania, office from its Philadelphia office. The Mechanicsburg office was under construction at that time and was undergoing a business transition, changing from a workers' compensation unit to a liability unit. It also claimed that the adjuster's practice was to retain current files on his desk until all proper action had been taken. After the adjuster first learned of Culton Construction's action, his desk was moved, and in transferring to the new location, the adjuster inadvertently sent the file in the case to a shelf, rather than keeping it on his desk for further attention. He also failed to reset his "come up field" on his computer to remind him of the need to file an answer to the complaint. The adjuster testified that he was also waiting to receive additional information before assigning counsel.

The circuit court, after reviewing the various claims and facts presented, concluded that they failed to establish good cause for the failure of Triple Crown Flooring, Inc., to

file a an answer in a timely manner, and refused to set aside the default judgment.

It is from the refusal of the circuit court to set aside the default judgment ruling that Triple Crown Flooring, Inc., now appeals, claiming that the facts did establish good cause for its failure to file a responsive pleading and that the trial judge abused his discretion in not vacating the judgment.

## II.

## STANDARD OF REVIEW

In Syllabus Point 5 of *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974), this Court stated: "A motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." *See, Lee v. Gentlemen's Club, Inc.*, 208 W.Va. 564, 542 S.E.2d 78 (2000); *Jackson General Hospital v. Davis*, 195 W.Va. 74, 464 S.E.2d 593 (1995).

The Court has also indicated, however, that where a trial court has failed to apply the appropriate standard or test in determining a matter, a *de novo* standard applies on appeal. *See, McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995).

## III.

## DISCUSSION

■ In Syllabus Point 3 of *Parsons v. Consolidated Gas Supply Corporation*, 163 W.Va. 464, 256 S.E.2d 758 (1979), this Court stated: "In determining whether a default judgment should be entered in the face of a Rule 6(b) motion or vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party."

■ In the order denying the motion of Triple Crown Flooring, Inc., to set aside the default judgment in the present case, the circuit court did not focus on the factors set forth in Syllabus Point 3 of *Parsons v. Consolidated Gas Supply Corporation, id.* Rather, the court stated:

On June 13, 2000, this court entered an Order denying Defendant's Motion for Leave to File an Answer Out of Time and granting the Plaintiffs a default against the Defendant. Since the granting of Plaintiff's Motion for a default, the parties have provided this Court with an Affidavit of Ed Marunyak and a transcript of Mr. Marunyak's deposition which was conducted on July 28, 2000. Based upon the deposition testimony of Mr. Marunyak, as well as the papers submitted to the Court and the legal argument of counsel, this Court finds that the Defendant has not shown good cause or excusable neglect for its failure to file a timely Answer or other response to the Plaintiffs' Complaint. The reasons and rationale for this decision and Order are fully set forth in the transcript of the hearing which was held before this Honorable Court on September 26, 2000. This Court saves defendant's exception to the Court's reliance upon any briefs and accompanying Exhibits submitted by the plaintiffs. Accordingly, the Defendant's Motion to Vacate Order Granting Plaintiffs a Default against Defendant is denied.

During the September 26, 2000, hearing, the trial court did initially make some reference to the factors set forth in Syllabus Point 3 of *Parsons v. Consolidated Gas Supply Corporation, id.* For instance, the court stated that: "[T]he prejudice by the failure to answer is about a month now. Since we have been fighting about it there has been two or three months added on, but that's probably not a significant prejudice." The court also found that there were significant interests on both sides, but as to the other points discussed in *Parsons v. Consolidated Natural Gas Supply Corporation, id.*, the court did not make findings. Relating to meritorious defenses, the court said: "I don't know if there is meritorious defenses. I don't know." The court made no mention of material issues of fact, and concerning intransigence, the court stated: "[T]he degree

of intransigents [sic] depends on your viewpoint. Depends upon which table you are sitting at I suppose."

Later during the hearing, the court stated:

To me it's a case where an insurance adjuster just messed up. And I think we have got case law that says that's not excusable neglect. You know, so I don't think we get to the factors. I don't see that this was something inadvertent. I don't see it as misfiling or excusable neglect. I see it basically the same way I saw it before when I entered the default.

I rarely fail to set aside defaults, but in this case I am not going to set aside a default judgment. I think it was failed, the defendant has failed to convince me that this is a case of excusable neglect or inadvertence. Mr. Marunyak knew about the lawsuit March 2 and no answer or anything was, nothing was filed until May 4th which was, there has been response to getting a notice of the default judgment. His diary entry at that time apparently or whatever it says, didn't send it out to the attorney or whatever.

So my judgment is to deny the motion to set aside the default judgment in the case.

It is apparent that the trial court was aware of the factors set forth in Syllabus Point 3 of *Parsons v. Consolidated Gas Supply Corporation, id.*, at the time of ruling in the present case, but the court did not resolve the factual conflicts relating to those factors and did not ultimately rule based upon those factors.

In view of this, and in view of the fact that the Court has plainly stated in Syllabus Point 3 of *Parsons v. Consolidated Gas Supply Corporation, id.*, that the enumerated factors should be considered, and by implication should form the predicate for a lower court's ruling, this Court believes that the judgment of the Circuit Court of Monongalia County should be reversed, and that this case should be remanded with directions that the circuit court reconsider and rule on the default issue in the present case in light of the factors set forth in Syllabus Point 3 of *Parsons v. Con-* *solidated Natural Gas Supply Corporation, id.*

Reversed and remanded with directions.

Justice McGRAW withdrew his right to file a dissenting opinion.

STARCHER, Justice, dissenting.
(Filed July 11, 2002)

The majority opinion concludes that the trial court failed to fully rule on each of the factors established in Syllabus Point 3 of *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979), factors such as the "intransigence on the part of the defaulting party" and the "presence of material issues of fact and meritorious defenses." I dissent because I believe the record clearly establishes intransigence by the defendant and the defendant's insurance company. I believe the circuit court got it right, and that there is nothing to be gained by sending this case back for another hearing.

This is not, as the majority opinion suggests, a small case of an insurance company misplacing some paperwork in a piddling insurance claim. This is about a residential house that burned to the ground after the defendant subcontractor carelessly sanded and refinished the hardwood floors. The general contractor working on the house and its insurance company (the plaintiffs in this case) paid out $438,018.99 to the homeowner—the limits of the policy plus other costs. The general contractor then incurred costs and expenses to rebuild the house, and had lost profits while doing the work. In other words, a substantial sum of money is involved.

The plaintiffs served the defendant with notice of their lawsuit on February 25, 2000. A claims adjuster with the defendant's liability insurer sought an extension of the time to file an answer, an extension that expired April 5, 2000. When no responsive pleading had been received as of May 1, 2000, the plaintiffs filed a motion for a default judgment.

Upon receiving the motion, the defendant, on May 4, 2000, filed a motion for leave to file an answer out of time. However, the defendant never specified *any* basis for its failure

602

to file an answer, never set forth any defenses to the plaintiffs' action, never explained why a late answer would not prejudice the plaintiffs, and never established what material facts that the defendant thought might be in dispute. In fact, the defendant even failed to attach the proposed answer that it wished to file out of time.

The circuit court held a hearing on May 11, 2000, and granted a default to the plaintiffs and against the defendant. On June 14, 2000, the defendant filed a motion to vacate the default order, but again never identified any meritorious defenses or explanations of why it failed to respond to the plaintiffs' complaint.

The plaintiffs then took a deposition of the claims adjuster for the defendant's insurance company. In his deposition, the claims adjuster indicated that he learned of the lawsuit on March 2, 2000, but did not tell the defendant subcontractor to fax the lawsuit papers to him immediately. He did not receive the papers until March 13, 2000—and then failed to assign the case by fax to an attorney for a response. The claims adjuster also failed to put the answer filing deadline in his claim file diary, and even stated that the insurance company did not have any procedures in place to ensure the timely filing of answers on behalf of its insureds. The claims adjuster also admitted to not taking any measures to ensure the timely filing of an answer either before or after obtaining an extension of the filing deadline.

Based upon this record, on October 20, 2000, the circuit court concluded that there had been no "excusable neglect" by the defendant and plenty of intransigence by the defendant's insurance company in totally failing to file anything approximating an answer to the plaintiff's complaint. I believe the circuit court was absolutely right, and that its decision should have been affirmed.

The defendant's insurance company failed to timely hire counsel to protect the defendant's interests, dragging out the proceedings, and is now doing everything it can to further delay the proceedings. Hence, on remand, I believe the circuit court should carefully consider the factual record presented by the parties and, as the majority opinion suggests, "rule on the default issue in the present case in light of the factors set forth in Syllabus Point 3 of *Parsons v. Consolidated Natural Gas Supply Corporation, id.*" And once again, I believe the circuit court should again find the defendant was in default and that there is no proper reason to set that default aside.

Accordingly, I respectfully dissent.