UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED NATIONAL INSURANCE
COMPANY,

   *Plaintiff-Appellee,*

  v.

KEVIN M. LEE,

   *Defendant-Appellant,*

  and

JEFFREY O. STAMM, d/b/a Silk
Stockings and individually; THE
GENTLEMEN'S CLUB, INCORPORATED,
d/b/a Silk Stockings, a West
Virginia Corporation,

   *Defendants.*

No. 01-2260

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CA-00-79-1)

Argued: September 25, 2002

Decided: November 26, 2002

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Gregory Howard Schillace, SCHILLACE LAW OFFICE, Clarksburg, West Virginia, for Appellant. Anita Rose Casey, MAC-

CORKLE, LAVENDER & CASEY, P.L.L.C., Charleston, West Virginia, for Appellee. **ON BRIEF:** Timothy J. Manchin, Vanessa Lynn Rodriguez, MANCHIN & ALOI, P.L.L.C., Fairmont, West Virginia, for Appellant. Renatha S. Garner, MACCORKLE, LAVENDER & CASEY, P.L.L.C., Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Kevin M. Lee appeals the district court's entry of summary judgment in favor of United National Insurance Company. Lee argues that summary judgment was inappropriate because genuine issues of material fact exist regarding whether an insured's delay in notifying United National of Lee's lawsuit against the insured was reasonable and whether United National was prejudiced by the delay. Lee also argues that the insured's assertion that United National was provided notice of Lee's injuries raises a genuine issue of material fact. Because we agree with the district court's determination that Lee has failed to raise a genuine issue of material fact, we affirm.

### I.

On December 4, 1998, Lee was severely injured on the premises of the Gentleman's Club, Inc., d/b/a Silk Stockings (the Club). On December 17, 1998, counsel for Lee attempted to send a certified letter to Jeffrey Stamm, president and chief operating officer of the Club, to inform the Club that Lee had retained counsel. The letter was returned on January 9, 1999, marked as "unclaimed." On January 13, 1999, Lee filed a civil action against the Club in the Circuit Court of Harrison County, West Virginia. Service of process was accepted by the secretary of state on behalf of the Club on January 19, 1999.[1] The

---

[1]Under West Virginia law, "[t]he secretary of state . . . [has the] authority to accept service of notice and process on behalf of every . . .

secretary of state forwarded process to Stamm, the Club's registered agent, via certified mail but this letter was also returned as "unclaimed." After the Club failed to answer Lee's complaint, the state trial court granted Lee's motion for a default, held a hearing to determine damages, and on July 27, 1999, entered a default judgment order, awarding Lee $322,415.76. The default judgment order was sent to Stamm via regular mail at the address the secretary of state had on file. On August 3, 1999, Stamm informed United National, which had issued a commercial lines policy to Stamm d/b/a Silk Stockings, that he had received the default judgment order and had contacted his lawyer. On August 12, 1999, Stamm filed a claim report with United National on behalf of the Club.

On October 18, 1999, the Club filed a motion to vacate the default judgment. The state trial court denied the motion, and the Club appealed. The West Virginia Supreme Court of Appeals affirmed, rejecting the Club's defense that because Stamm stated that he had been unaware of Lee's suit until he received the default judgment order, the Club was not "intransigent in failing to timely answer the complaint." *Lee v. Gentleman's Club, Inc.*, 542 S.E.2d 78, 82 (W. Va. 2000). Unpersuaded by the Club's argument, the court agreed that "the evidence overwhelmingly shows that the Club intentionally avoided two previous communications concerning [Lee's accident]." *Id.*

On May 4, 2000, United National filed a declaratory judgment action against the Club, Stamm individually, and Stamm d/b/a Silk Stockings in the United States District Court for the Northern District of West Virginia, asserting that the defendants are not entitled to cov-

---

corporation and upon whom service of notice and process may be made in this state for and upon every . . . corporation." W. Va. Code § 31-1-15 (Michie 2001). "Immediately after being served with or accepting any such process or notice . . . the secretary of state shall file in his office a copy of such process or notice . . . and transmit one copy of such process or notice by registered or certified mail, return receipt requested, to the person whom notice and process shall be sent [or, if not available,] to the principal office of the corporation at the addressed last furnished." *Id.*

erage under the United National policy because no notice of the December 4, 1998 accident or of Lee's claim was given prior to August 3, 1999, after the entry of the default judgment order. On February 5, 2001, United National amended its complaint to join Lee as a defendant. On July 20, 2001, United National filed a motion for summary judgment. On September 12, 2001, the district court granted United National's motion for summary judgment. Lee then filed this appeal. We possess jurisdiction pursuant to 28 U.S.C.A. § 1291 (West 1993).

We review the grant of summary judgment de novo, viewing the disputed facts in the light most favorable to Lee, the non-moving party. *See Morrell v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 222 (4th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

## II.

Failure to satisfy the notice requirement of an insurance policy bars a claim against the insurer for coverage. *Colonial Ins. Co. v. Barrett*, 542 S.E.2d 869, 874 (W. Va. 2000) ("The satisfaction of the notice provision in an insurance policy is a condition precedent to coverage for the policyholder."). The insurance policy issued by United National required the insured to notify United National "as soon as practicable" of any claim or "suit" that is brought against the insured.[2] (J.A. at 88.) "The phrase 'as soon as practicable' means a reasonable amount of time." *Ragland v. Nationwide Mut. Ins. Co.*, 120 S.E.2d 482, 490 (W. Va. 1961). When determining whether a delay in notifying an insurance company will bar a claim, West Virginia law requires a court to address the following considerations:

> The length of the delay in notifying the insurer must be considered along with the reasonableness of the delay. If the

---

[2]The policy also required notice of an occurrence that could result in a claim and immediate submission of all legal documents in connection with any claim. *See infra* notes 5-6.

delay appears reasonable in light of the insured's explanation, the burden shifts to the insurance company to show that the delay in notification prejudiced their investigation and defense of the claim. If the insurer can produce evidence of prejudice, then the insured will be held to the letter of the policy and the insured barred from making a claim against the insurance company. If, however, the insurer cannot point to any prejudice caused by the delay in notification, then the claim is not barred by the insured's failure to notify.

*Dairyland Ins. Co. v. Voshel*, 428 S.E.2d 542, 546 (W. Va. 1993).

It is undisputed that United National was not notified of Lee's lawsuit until after the default judgment had been entered, over six months after the lawsuit had been filed and served on the secretary of state. Lee argues that whether this half-year delay was reasonable constitutes a genuine issue of material fact. A finder of fact could conclude that the delay was reasonable, Lee contends, based on Stamm's assertion that he was unaware that a suit had been filed until he received the default judgment order. The judgment of the West Virginia Supreme Court of Appeals, however, is dispositive on this issue, *see Lee*, 542 S.E.2d at 82-83 (rejecting the Club's contention that it was not intransigent in failing to timely answer Lee's complaint because Stamm was unaware of the lawsuit prior to receiving the default judgment), and Lee, a party in that case, is precluded from relitigating the findings of that court, *see Conley v. Spillers*, 301 S.E.2d 216, 220 (W. Va. 1983) ("Collateral estoppel is designed to foreclose relitigation of issues in a second suit which have actually been litigated in the earlier suit even though there may be a difference in the cause of action between the parties of the first and second suit.").[3] Specifically, the West Virginia Supreme Court of Appeals, in determining that the

---

[3]While the other defendants did not appeal the district court's entry of summary judgment, we note that each of them was also precluded from relitigating the findings of the West Virginia Supreme Court of Appeals because each was either a party or in privity with a party. *See Conley v. Spillers*, 301 S.E.2d 216, 220 (W. Va. 1983) (noting that both named parties and those who are in privity with them are barred from relitigating issues decided in an earlier suit).

Club was intransigent in failing to answer Lee's complaint, found that Stamm intentionally avoided two certified letters regarding Lee's injury. *Lee*, 542 S.E.2d at 80, 82. Both of these letters, the December 1998 letter from Lee's attorney notifying the Club that Lee had retained counsel and the January 1999 letter from the secretary of state forwarding a copy of the service of process, would have alerted Stamm that Lee was taking legal action to recover for the injuries he sustained on the Club's premises. Therefore, because Stamm intentionally avoided the two letters, his claim of being unaware of the lawsuit cannot reasonably account for his delay in notifying United National. As Lee offers no alternative explanation, Stamm's six-month delay in notifying United National of the lawsuit was unreasonable as a matter of law.[4] *See Buckeye Union Casualty Co. v. Perry*, 406 F.2d 1270, 1272 (4th Cir. 1969) ("[T]he insurer is entitled to summary judgment because of the unexplained delay of 70 days in notifying it after process was served."); *Ragland*, 120 S.E.2d at 490-91 ("[M]ore than five months is not, under normal circumstances, a reasonable time.").

Lee also argues that Stamm's assertion that he telephoned United National on December 5, 1998 and informed them of Lee's accident raises a genuine issue of material fact. We agree with the district court, however, that Stamm's unexplained delay of six months in notifying United National of Lee's lawsuit is dispositive in this case. Providing notice of Lee's accident, while required under the policy,[5] would not entitle Stamm to breach the other requirements under the

---

[4]Lee's failure to state a reasonable explanation for the six-month delay precludes his argument that United National was not prejudiced. *Cf. Dairyland Ins. Co. v. Voshel*, 428 S.E.2d 542, 546 (W. Va. 1993) ("If the delay appears reasonable in light of the insured's explanation, the burden shifts to the insurance company to show that the delay in notification prejudiced their investigation and defense of the claim."). Of course, the default judgment for $322,415.76 entered against the Club, combined with the failed effort to have it vacated, demonstrates that United National's defense of the claim likely was prejudiced by the delay in receiving notice of Lee's lawsuit.

[5]The policy required that the insured "must see to it that [United National] [is] notified as soon as practicable of an 'occurrence' or an offense which may result in a claim." (J.A. at 87.)

policy by intentionally avoiding notices regarding the lawsuit.[6] The alleged factual dispute regarding whether Stamm notified United National of Lee's injuries does not, therefore, save Lee from summary judgment. *See Plett v. United States*, 185 F.3d 216, 223 (4th Cir. 1999) ("Summary judgment does not become disfavored simply because . . . there are *some* disputed facts. The essential question presented on a motion for summary judgment remains whether, in the absence of a genuine dispute over *material* facts, the moving party is entitled to judgment as a matter of law." (citation and internal quotation marks omitted)). Accordingly, the order of the district court granting summary judgment is

*AFFIRMED*.

---

[6]The policy not only required Stamm to notify United National of Lee's lawsuit as soon as practicable, but also required him to "[i]mmediately send [United National] copies of any demands, notices, summonses or legal papers received in connection with the claim." (J.A. at 88.)