# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mark W. Chamblee,**
**Real property known as**
**50 Savannah Sparrow Lane,**
**Martinsburg, Berkeley County, WV,**
**Defendant Below, Petitioner**

**FILED**

**May 24, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 18-0310** (Berkeley County CC-02-2017-P-158)

**State of West Virginia,**
**Eastern Panhandle**
**Drug & Violent Crimes Task Force,**
**Plaintiff Below, Respondent**


## MEMORANDUM DECISION


Petitioner Mark W. Chamblee, by counsel James T. Kratovil, appeals the Circuit Court of Berkeley County's March 8, 2018, order denying his motion to set aside a default judgment. Respondent State of West Virginia, Eastern Panhandle Drug & Violent Crimes Task Force, by counsel Catie Wilkes Delligatti, filed a response and supplemental appendices. On appeal, petitioner asserts that he established good cause for setting aside the default judgment by presenting evidence of medical issues that prevented him from filing an answer.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 12, 2017, the State initiated forfeiture proceedings against certain real property owned, but not occupied, by petitioner (the "subject property"). The State alleged that on June 27, 2016, a federal search warrant was executed at the subject property based upon probable cause to believe that the subject property's occupants (petitioner's tenants) were distributing illegal narcotics from it. Following execution of the search warrant, Sergeant Theodore Snyder with the Eastern Panhandle Drug & Violent Crime Task Force ("Task Force") notified petitioner that the subject property was being used for the distribution of heroin and that further drug activity may result in forfeiture of the subject property.

1

The forfeiture petition also detailed that the Task Force obtained a wire intercept order on February 1, 2017, through which it monitored certain mobile phone conversations. Conversations overheard and recorded pursuant to this order revealed drug activity at the subject property during February of 2017. Additionally, another search warrant was executed at the subject property on March 10, 2017. At that time, money, drugs, phones, and miscellaneous paperwork were seized from the subject property. Accordingly, the State alleged in its petition that the subject property "has been used continuously in the commission of illegal drug transactions in violation of the West Virginia Contraband Act."

Petitioner was served with the petition for forfeiture via certified mail. Petitioner signed for the petition, and although he did not date the return receipt, it was received by the circuit clerk's office on June 22, 2017. Further, notice by publication was made on June 23, 2017, and June 30, 2017.

Petitioner filed no answer or claim. Accordingly, on August 9, 2017, the circuit court granted the State's motion for judgment of forfeiture and entered its "Order of Judgment." In that order, the court found that the subject property was subject to forfeiture under West Virginia Code § 60A-7-703(a)(8) because it was real property that was used repeatedly to facilitate the commission of delivery of heroin, and because petitioner was made aware of this fact yet knowingly allowed the deliveries to continue. The court vested title to the subject property in the Task Force. Petitioner received copies of both the motion for judgment of forfeiture and "Order of Judgment."

Nearly six months after entry of the "Order of Judgment," on January 31, 2018, petitioner moved to set the default judgment aside under Rule 60(b) of the West Virginia Rules of Civil Procedure. Petitioner asserted that "a series of unavoidable causes melded together to not allow him to file an answer to the complaint in a timely fashion," including his wife's mistaken disposal of the petition, his prescription medication causing short-term memory loss and confusion, and ongoing medical issues.

The circuit court held a hearing on petitioner's motion to set aside the default judgment on March 1, 2018. Petitioner testified that in March of 2017, he was taking antirejection medication that caused confusion, but he also explained that he had been taking this medication since his kidney transplant in approximately 2012. He further detailed that he had diabetic neuropathy in both legs, had Lasix implants that "didn't work in [his] right eye," had cancer in his ears, and suffered frequent falls. Petitioner listed medications he was taking in addition to the antirejection medication, which included insulin, blood pressure medication, blood thinners, fish oil, and cinnamon bark. Petitioner asserted that all of these medications made him "really confused."

Petitioner acknowledged that he contacted the circuit clerk's office at some point to ask "[w]hat this letter was in the mail and explain it to me, what do I need to do to correct this situation." Petitioner states that he was instructed to retain counsel and "file it with the court." Petitioner could not pinpoint when he made this call, however. He asserted only that "[t]ime is mixed up right now."[1] Petitioner also acknowledged coming to the courthouse to observe the

---

[1]Petitioner also reported that he "just can't keep things straight in [his] head."

2

criminal proceedings against Mary Bush, the tenant arrested as a result of drug activity in the subject property, and sending her money while she was in jail. Further, petitioner stated that he pursued eviction proceedings in magistrate court against Ms. Bush, which were completed in March of 2017.

Petitioner's daughter, Amy Lynn Brown, also testified at the March 1, 2018, hearing. Ms. Brown testified that petitioner was "kind of like a stranger" during the spring of 2017 because he "was doing things and saying things that . . . didn't fit with his character" and not "making any sense." Ms. Brown also said that she "noticed a . . . character change" in 2016, but "towards the end of last summer"—summer 2017—"I started seeing him trying to get things in order." Ms. Brown testified that petitioner owns other rental properties, which he was able to manage during the summer of 2017.

On March 8, 2018, the circuit court denied petitioner's motion to set aside the judgment, finding that it was not filed within a reasonable time. The court found little evidence of any substantial confusion occurring beyond the spring of 2017, and that petitioner continues to suffer from the same medical conditions and some confusion despite now being able to participate in court proceedings. Thus, the court was "not persuaded" that petitioner could not have filed his motion before January 31, 2018.

The court also found that petitioner failed to establish excusable neglect in moving to set aside the judgment. The court based this conclusion primarily on the seeming disconnect between petitioner's assertions of a medically-based inability to participate in his own legal proceedings and his admission to attending other court proceedings, such as Ms. Bush's June 12, 2017, preliminary hearing. It is from this order that petitioner appeals.

Rule 60(b) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause." Motions filed under this rule are "addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. Pt. 1, *Delapp v. Delapp*, 213 W. Va. 757, 584 S.E.2d 899 (2003).

When analyzing a Rule 60(b)(1) motion, a circuit court "must determine first if the motion has been filed within [one year] after the judgment was entered and then determine, under all the circumstances, if it was filed within a reasonable time." *White v. Berryman*, 187 W. Va. 323, 331, 418 S.E.2d 917, 925 (1992) (citation omitted); *see also* W. Va. R. Civ. P. 60(b) ("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."). Thus, while one year is the outer limit, "a court may still deny a motion filed within the [one-year] period if it was not made within a reasonable time." *Savas v. Savas*, 181 W. Va. 316, 318, 382 S.E.2d 510, 512 (1989).

Rule 60(b) is to be "given a liberal construction" because "courts favor the adjudication of cases on their merits." Syl. Pt. 2, in part, *Parsons v. Consol. Gas Supply Corp.*, 163 W. Va. 464, 256 S.E.2d 758 (1979) (citation omitted). But a party moving to vacate a default judgment must

"show some excusable or unavoidable cause to explain the delay in not answering. Obviously, the stronger the excusable neglect or good cause shown, the more appropriate it is to give relief against the default judgment." *Id.* at 471, 256 S.E.2d at 762. Indeed, "any evidence of intransigence on the part of a defaulting party should be weighed heavily against him in determining the propriety of a default judgment." *Lee v. Gentlemen's Club, Inc.*, 208 W. Va. 564, 568, 542 S.E.2d 78, 82 (2000) (citation omitted). We have also outlined the following factors to be considered in an excusable neglect inquiry:

> In determining whether a default judgment should be . . . vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.

*Parsons*, 163 W. Va. at 464-65, 256 S.E.2d at 759, syl. pt. 3.

Although petitioner filed his motion to set aside the default judgment within a year of its entry, we find no abuse of discretion in the circuit court's conclusion that it was nonetheless untimely. Petitioner was personally served with the forfeiture petition in June of 2017, and he does not dispute receiving the petition. Although petitioner called the circuit clerk's office to inquire about the nature of the proceeding, he neither requested another copy of the petition after his wife mistakenly disposed of it nor heeded the advice to retain counsel. Petitioner also received the State's August of 2017 motion for judgment of forfeiture following his failure to respond to the petition, and in that same month, he received the court's order of judgment granting forfeiture. All of these filings failed to prompt action on petitioner's part. Rather, nearly six months elapsed before he filed his January of 2018 motion to set aside the default judgment, despite his ongoing knowledge of the proceedings.

Moreover, petitioner's reported medical conditions, medication, and confusion did not prevent him from participating in Ms. Bush's criminal case. Petitioner attended her preliminary hearing on June 12, 2017, the same date he was served with the forfeiture petition in his own case, and he continued to follow Ms. Bush's proceedings and send her money while she was in jail. Petitioner also reported that he concluded eviction proceedings against Ms. Bush in March of 2017, and his daughter testified that petitioner continued to manage other rental properties during the summer of 2017. In fact, much of the testimony indicated that any substantial confusion on petitioner's part resolved by the spring or summer of 2017—months prior to any attempt to vacate the judgment entered against him. In *White*, we found "no demonstration of 'good cause' that would warrant overruling the lower court's exercise of its discretion in refusing to set aside the default judgment[]" where the motion to set aside the default judgment was not filed until nearly two months after the defendant became aware of the default judgment. 187 W. Va. at 333, 418 S.E.2d at 927. Here, petitioner was aware of the default judgment for nearly six months, and was aware of the proceedings generally for more than seven months. Although this Court is "quite willing to review default judgments and to overturn them in cases where good cause is shown, a demonstration of such good cause is a necessary predicate to our overruling a lower court's exercise of discretion." *Id.* (quoting *Hinerman v. Levin*, 172 W. Va. 777, 782, 310 S.E.2d 843, 848

4

(1983)). Petitioner has failed to demonstrate good cause for overruling the circuit court's exercise of discretion in denying the Rule 60(b) motion, finding it was not filed within a reasonable time.[2]

For the foregoing reasons, we affirm the circuit court's March 8, 2018, order denying petitioner's motion to set aside the default judgment.

Affirmed.

**ISSUED:** May 24, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[2]We make clear that resolution of this matter turns exclusively on whether petitioner filed his Rule 60(b) motion within a reasonable time. Because any issues surrounding the forfeiture, including any issues that may arise under the Eighth Amendment to the United States Constitution's Excessive Fines Clause, were not before this Court, this decision does not speak to those issues.

5